# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH L. CAHAN, | ) | CASE NO. 5:16-cv-2642 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| SUMMIT COUNTY COURT OF COMMON PLEAS DOMESTIC RELATIONS DIVISION, et al., | ) ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

Several motions are before the Court. Defendant Summit County ("County") and defendant Summit County Court of Common Pleas, Domestic Relations Division ("CCP/DRD"), have each moved to dismiss all claims against it, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. (Doc. No. 7 ["County MTD"]; Doc. No. 8 ["CCP/DRD MTD"].) Plaintiff Deborah Cahan ("plaintiff" or "Cahan") has filed an omnibus response to the dispositive motions and has moved to amend the complaint. (Doc. No. 13 ["Pl. Opp'n MTD/MTA"].) CCP/DRD has filed an opposition to the motion to amend (Doc. No. 14 ["CCP/DRD Opp'n MTA"]), and has filed a reply in support of its motion to dismiss. (Doc. No. 15 ["CCP/DRD MTD Reply"].) Plaintiff has also filed a reply in support of her motion to amend. (Doc. No. 16 ["MTA Reply"].) For all of the foregoing reasons, plaintiff's motion to amend is denied, and defendants' motions to dismiss are granted. This case is dismissed.

## I. BACKGROUND

According to the complaint, plaintiff was "employed as a Magistrate in the Summit

County Domestic Relations Court from September 2007 until April 17, 2015[.]" (Doc. No. 1 (Complaint ["Compl."]) ¶ 9.) During her tenure with CCP/DRD, she suffered from an unidentified "disability," and she maintains that defendants knew about her condition. (*Id.* ¶ 6.) "As a magistrate, she was assigned to conduct mediation of disputed parenting matters in a confidential, unrecorded, environment" which necessitated that she take notes and draft memoranda and orders, as well as perform other clerical functions. (*Id.* ¶ 13.) At the time of her interview, she requested dictation equipment because her disabling condition made it too painful to type. She was promised a laptop and a dictaphone, "but never received either requested accommodation." (*Id.* ¶ 11.)

On January 7, 2015, plaintiff began a leave of absence for one of the many surgeries she underwent to address her "disabling condition." (*Id.* ¶¶ 14, 15.) On April 2, 2015, while still on leave, Ken Teleis, Court Administrator for CCP/DRD, sent her an email inquiring as to whether she would be available to return to work on April 6, 2015. (*Id.* ¶ 16.) At a meeting with Administrative Law Judge John Quinn the following day (April 7, 2015), plaintiff advised that she would need to speak with her physician at her next appointment on April 14, 2015 to determine her availability. In response to Judge Quinn's inquiry into needed accommodations, plaintiff requested a dedicated secretary, but was advised that she could not have one. (*Id.* ¶ 18.)

On April 14, 2015, plaintiff informed Judge Quinn that her physician had recommended that she take an additional three months of leave "to address one aspect of her disabling condition." (*Id.* ¶¶ 19, 20.) Her request for additional leave was denied, and, on April 16, 2015, an internal court email was generated advising that plaintiff's position had been eliminated. (*Id.* ¶¶ 21, 24.) On April 17, 2015, plaintiff was informed in writing that she was terminated. She was

given the option to resign, but she refused. (*Id*. ¶ 27.)

After unsuccessfully pursuing a timely discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), on October 28, 2016, plaintiff filed the present case in federal court. She raised federal claims of disability discrimination, under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 1201-12117; ADA retaliation; gender based discrimination, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq*.; and state law gender and disability based discrimination, and retaliation, pursuant to Ohio Rev. Code § 4112.01(A)(2). She requested compensatory and punitive damages, attorney's fees, and costs.

CCP/DRD seeks dismissal on the ground that, as a state court, it is not *sui juris*, and consequently "cannot sue or be sued as a matter of law." (CCP/DRD MTD at 90,[1] citing cases.) The County bases its dispositive motion on the fact that plaintiff cannot establish that an employment relationship existed between her and the County, and, as such, the County played no role in any employment decisions involving plaintiff. (County MTD at 75.) Additionally, the County contends that plaintiff has failed to satisfy the pleading requirements of Rule 8. (*Id*. at 77.)

In her omnibus response, petitioner indicates that she no longer wishes to sue the County, stating specifically that she "does not seek to pursue her alleged claims against the County of

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

3

Summit." (Pl. Opp'n MTD/MTA at 106.) She opposes CCP/DRD's dispositive motion, challenging the claim that the court is not *sui juris*. She also requests leave to file an amended complaint under Rule 15(a)(2). The proposed amended complaint, appended to her motion and omnibus response, eliminates all of the federal claims, drops the County as a defendant, and adds three new defendants: Judge Quinn, Administrative Judge from January 2013 to the present; Judge Carol Dezo, duly elected judge of CCP/DRD and Administrative Judge from 2001 until January 2013; and Kenneth Teleis. (Doc. No. 13-1 (Proposed Amended Complaint ["P. Am. Compl."]).)

## II. PLAINTIFF'S MOTION TO AMEND

### A.     Rule 15(a) Standard of Review

Rule 15(a)(1)(B) permits amendment of pleadings as a matter of course within 21 days of service of a motion under Rule 12(b). However, if a plaintiff wishes to file an amended complaint after the 21 day grace period and cannot obtain written permission from the opposing party, she is required to seek leave of court to do so. Fed. R. Civ. P. 15(a)(2) & 2009 Advisory Notes to Rule 15(a)(2) (The provision permitting a right to amend as a matter of course within 21 days forces "the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion [to dismiss]."); *Middleton v. Rogers Ltd., Inc.*, 804 F. Supp. 2d 632, 639 (S.D. Ohio 2011) (citation omitted). In these circumstances, courts are instructed that they should "freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The rationale for this liberal policy is to allow disputes to be resolved on the merits and not as a result of technical objections to the pleadings. *See Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). Where there are pending before the Court both a dispositive motion and a motion to

amend the complaint, the Court must first address the motion to amend the complaint. *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988) (abuse of discretion to dismiss without considering pending motion to amend).

The Supreme Court has stated that leave should be granted under Rule 15(a) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *See Foman v. Davis*, 371 U.S. 178. 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). A motion for leave to amend may be denied for futility "if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (quoting *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)); *see Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.") (citation omitted)); *Masherah v. Dettloff*, 968 F. Supp. 336, 345 (E.D. Mich. 1997) (motion to amend denied as futile because pleading would not survive motion to dismiss for lack of jurisdiction).

**B.    Discussion**

CCP/DRD opposes the motion to amend on futility grounds. Specifically, it argues that leave to amend should be denied because the proposed amended complaint "would render this Court without jurisdiction." (CCP/DRD Resp. Amend at 133.) By eliminating all of the federal claims, CCP/DRD insists that the amendment would "fail the jurisdictional requirements for this Court, and the amendment would therefore be futile." (*Id*. at 134.) Plaintiff disagrees, emphasizing that the Court retains discretion to exercise supplemental jurisdiction over state law

claims, "even after all federal claims in an action have been dismissed." (Pl. Amend Reply at 141, citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).) CCP/DRD has the better argument.

When an action is removed to federal court and the complaint is later amended, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 583 (6th Cir. 2011) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2006)). In *Packard*, the defendant removed the state court action on the basis of federal subject matter jurisdiction. The plaintiffs subsequently amended their complaint to withdraw the only claim to which federal jurisdiction attached. In finding that the district court could still exercise supplemental jurisdiction over the remaining state law claims, the court noted that at the time of removal the complaint "raised both state and federal claims—making subject matter jurisdiction proper." *Id.* ("Although Plaintiffs subsequently amended their complaint to eliminate federal claims, the dismissal of federal claims from a lawsuit does not deprive courts of supplemental jurisdiction.") (collecting cases); *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 346, 357, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

A different rule applies when the case originates in federal court. "[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)); *see In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013)

6

(citing with favor rule in *Rockwell* that when a plaintiff files in federal court and then amends the complaint, the court looks to the amended complaint to determine jurisdiction). *Rockwell's* exception to the time-of-filing rule recognizes that "removal cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment." *Id.* at 474 n.6 (emphasis in original); *see Wright Transp., Inc. v. Pilot Corp.*, 841 F.3d 1266, 1272 (11th Cir. 2016) (explaining that "[r]emoval cases present concerns about forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction. Those concerns dictate that we guard against a plaintiff whose case has been removed to federal court and who then amends its pleadings in an attempt to manipulate its way back into state court.") (quotation marks and citations omitted).

Here, plaintiff selected the forum when she chose to file her lawsuit in federal court. Accordingly, under *Rockwell* and its progeny, the Court must look to the proposed amended complaint to determine the Court's jurisdiction. Because the removal of the federal claims would divest this Court of jurisdiction, and the amended complaint would not, therefore, survive a Rule 12(b) motion to dismiss for want of jurisdiction, the motion to amend the complaint must be denied on the basis of futility.[2] *See, e.g., Boulet v. Nat'l Presto Indus., Inc.*, No. 11-cv-840-slc, 2013 WL 4014982, at *7 (W.D. Wis. Aug. 6, 2013) (in case originating in federal court, motion

---

[2] It is important to note that plaintiff did not amend her complaint "as a matter of course" under Rule 15(a)(1), nor could she have done so. Defendants filed their motions to dismiss on November 28, 2016. (*See* Doc. Nos. 7 and 8.) Plaintiff did not file an amended complaint within 21 days following the filing of these dispositive motions, but, in fact, waited more than 21 days to even seek leave of Court for an extension of time in which to respond to defendants' dispositive motions. (Doc. No. 12 (Motion for Enlargement of Time), filed December 23, 2016.) The motion for an extension of time was granted, and, on January 4, 2017, plaintiff filed a motion to amend her complaint pursuant to Rule 15(a)(2), which requires either permission from the opposing party or leave of court. Had plaintiff amended as a matter of right under Rule 15(a)(1), the Court would have concluded that it lacked jurisdiction over the complaint, as amended. *See, e.g., Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241 (11th Cir. 2007) (dismissing action originally filed in federal court for want of jurisdiction following amendment to remove federal claims).

to amend to eliminate all federal claims was denied because the amendment would not survive a motion to dismiss for lack of subject matter jurisdiction).

### III. CCP/DRD'S MOTION TO DISMISS

#### A. Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874-75 (W.D. Mich. 2014) ("court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint") (quotation marks and citations omitted); *see also Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document") (quotation marks and citation omitted).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8

still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570 (citation omitted).

In deciding a motion to dismiss under Rule 12, the Court generally may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56. As the Sixth Circuit has held, however, there are a number of exceptions to this rule. Indeed, it is well settled that in ruling on a Rule 12 dispositive motion, a district court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citations omitted); *see also Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss) (citations omitted). The Court may also consider materials

that are public records or otherwise appropriate for taking judicial notice without converting a motion to dismiss into one for summary judgment. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008); *New England Health Care Emp. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (citations omitted).

### B. Discussion

CCP/DRD insists that it is not *sui juris* and that it, therefore, lacks the authority to sue or be sued in federal court. State law determines the capacity to sue or be sued in federal court. Fed. R. Civ. P. 17(b)(3). The Ohio Supreme Court has held that, under Ohio law, a court can neither sue nor be sued absent "express statutory authority." *Malone v. Ct. of C. P. of Cuyahoga Cnty.*, 344 N.E.2d 126, 128 (Ohio 1976). Because "the State of Ohio is the only entity capable of providing express statutory authority for a court to be sued—Title VII [or any other federal statute] cannot provide that authority." *Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 530 (N.D. Ohio 2012) (citation omitted); *see Williams v. City of Columbus, Ohio*, 892 F. Supp. 2d 918, 923 (S.D. Ohio 2012) (dismissal of the municipal court in a § 1983 and Title VII action alleging racial and sexual harassment "because under Ohio law, Ohio courts are not *sui juris*"); *Lavelle v. Wood Cnty.*, No. 3:09 CV 2998, 2010 WL 2572861, at *3-4 (N.D. Ohio June 23, 2017) (Title VII action could not be maintained against state juvenile court as a matter of law).

Plaintiff concedes that the Court must look to Ohio law for "express statutory authority," and offers no opposition to CCP/DRD's argument that she cannot maintain her federal statutory claims against it. Thus, the claims under Title VII and the ADA are dismissed. Instead, plaintiff focuses her arguments on her state discrimination and retaliation claims, contending that Ohio Rev. Code § 4112 provides the necessary express authority to permit an aggrieved state court

10

employee to bring suit against the court under that statute. Specifically, plaintiff argues that the definitions of "employer" and "person" under § 4112 can be read in tandem to include a state court.³ According to plaintiff, these definitions supply the necessary "express statutory authority" to bring suit against CCP/DRD.

Courts that have previously considered this argument have easily rejected it. *See Hatzidakis v. Lucas Cnty. C. P. Ct.*, No. 3:11CV169, 2013 WL 3243629, at *2 (N.D. Ohio June 25, 2013) (citing, among authority, *Lawson*, 2012 WL 5154974, at *3) ("The plain language of R.C. § 4112.01 does not expressly provide statutory authority for suing a court.")). In *Hatzidakis*, the court turned to the legal definition of "express," which is "clearly and unmistakably communicated; directly stated." *Id*. at *3 (quoting BLACKS LAW DICTIONARY 661 (9th ed. 2009)). Finding that the statutory definitions of "person" and "employer" do not "clearly and unmistakably communicate" authority to sue the state courts, the court found "no support for the general contention that municipal courts have the capacity to be sued." *Id*.

The Court finds this rationale persuasive. The mere fact that these definitions are broad enough to include a variety of legal entities, including a state court, does not mean that they specifically convey the "express statutory authority" to bring suit against a court. Finding no authority to support plaintiff's position that Ohio statutory law permits her discrimination and

---

³ Under Ohio Rev. Code § 4112.01(A)(2) an "employer" includes: "the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." A "person," under § 4112.01(A)(1), in turn, includes: "one or more individuals, partnerships, associations, organizations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, and other organized groups of persons. 'Person' also includes, but is not limited to, any owner, lessor, assignor, builder, manager, broker, salesperson, appraiser, agent, employee, lending institution, and the state and all political subdivisions, authorities, agencies, boards, and commissions of the state."

retaliation claims against a state court, the state court claims brought against CCP/DRD are also dismissed.

## IV. THE COUNTY'S MOTION TO DISMISS

It is well settled that "Title VII applies only to 'employers.'" *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 611 (6th Cir. 2003) (quoting 42 U.S.C. § 2000e-2). Some type of employment relationship is also necessary for liability under the ADA. *See Satterfield v. Tenn.*, 295 F.3d 611, 616 (6th Cir. 2002) (identifying three theories by which an entity can be considered an "employer" for purposes of the ADA) (citing *Carparts Dist. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12 (1st Cir. 1994)). The same can be said of Ohio Rev. Code § 4112. *See Hauser v. Dayton Police Dep't*, 17 N.E.3d 554, 558 (Ohio 2014) ("[R.C. 4112.02(A) imposes liability only upon an 'employer'"). Plaintiff's complaint does not allege that plaintiff was ever employed by the County, nor does plaintiff allege facts that would suggest that the County was an agent of her employer or otherwise had an employment relationship with plaintiff. In fact, the only allegation relative to her employment resolves the matter by affirmatively alleging that "Ms. Cahan was employed as a Magistrate in the Summit County Domestic Relations Court . . . ." (Compl. ¶ 9.)

Moreover, it is well settled that courts are arms of the state, and not divisions of county government. *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997) ("Consequently, an Ohio common pleas court is *not* a segment of county government, but an arm of the state . . . .") (emphasis in original). "Ohio common pleas courts are established by the Ohio Constitution as part of a unified, state-wide judicial system." *Ortiz v. Holmes*, 157 F. Supp. 3d 692, 700 (N.D. Ohio 2016) (citing *S.J. v. Hamilton Cnty., Ohio*, 374 F.3d 416, 421-22 (6th Cir. 2004)). The

powers of the county common pleas courts are delegated by the Ohio General Assembly and codified in Titles XXI and XXIII of the Ohio Revised Code. *Id.* at 700. Pursuant to Article IV, § 5(A)(1) of the Ohio Constitution, "the supreme court shall have general superintendence over all courts in the state." Ohio Const. art. IV, § 5. Specifically with respect to employment matters, the authority to employ domestic relations court personnel resides exclusively with the senior judge of the domestic relations court pursuant to Ohio Rev. Code § 2301.03(I)(1) (relating to domestic relations courts in Summit County, Ohio).

Because plaintiff cannot allege facts that, if believed, would establish that the County was her employer, the County cannot be held liable for any claims involving employment discrimination. *See, e.g., Lavelle*, 2010 WL 2572861, at *2-3 (county could not be held liable—under Title VII, the ADA, and § 4112—for alleged employment discrimination involving former employee of juvenile court). In fact, plaintiff effectively concedes the point by stating that she no longer wishes to pursue her claims against the County. (Pl. Opp'n MTD/MTA at 112-13 ["Upon review of Defendant County of Summit's motion to dismiss, as well as Article IV of the Ohio Constitution and O.R.C. Chapter 2301, Ms. Cahan does not seek to pursue claims against the County of Summit in this matter."].)[4] Plaintiff offers no opposition to the County's position that it lacks the statutory authority to employ court personnel, going so far as to affirmatively abandon her claims against the County. Thus, whether the Court dismisses the County on the strength of its dispositive motion and well settled state constitutional and statutory law, or takes

---

[4] As the County notes in its motion, "counties are creatures of statute and have only those powers which are either expressly conferred by statute or which are, of necessity, implied by an express power." (County MTD at 75, citing *Rees v. Olmsted*, 135 F. 296, 299 (6th Cir. 1905).) "There is no statute in Ohio which confers to a county, such as Summit County, authority to employ employees of the Court of Common Pleas—Domestic Division. This power remains exclusively with the senior judge of the division of domestic relations pursuant to O.R.C. § 2301.03(I)(1)." (*Id.*)

plaintiff at her word that she is no longer pursuing any claims against the County, the County is clearly entitled to dismissal from this action.

V. **CONCLUSION**

For all of the foregoing reasons, plaintiff's motion to amend is denied, and defendants' motions to dismiss are granted. This case is dismissed.

**IT IS SO ORDERED**.

Dated: June 7, 2017

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**